# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CHARLES McCLANAHAN** | * | **CIVIL ACTION NO. 05-2099** |
| **VERSUS** | * | **JUDGE JAMES** |
| **TRANSOCEAN OFFSHORE INTERNATIONAL VENTURES LTD. and TRANSOCEAN DEEPWATER, INC.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING AND ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel[1] Independent Medical Examination (Doc. #13) filed by Defendants Transocean Offshore Ventures, Ltd. and Transocean Deepwater, Inc. (collectively "Transocean"). The motion is opposed. For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND

On or around June 6, 2004, Plaintiff, Charles McClanahan ("McClanahan"), was allegedly injured while employed as a senior motorman by defendant Transocean. McClanahan claims that, while acting in the course and scope of his employment, he sustained an air injection injury to his left hand, forearm, and wrist. Immediately following his injury, McClanahan was treated at the West Jefferson Medical Center, where Dr. Edward Campbell performed surgery on his arm, wrist, and hand. Transocean then enlisted Dr. Douglas C. Brown of the Orthopaedic Center of Monroe to treat and follow McClanahan after his surgery. Thereafter, McClanahan

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

was referred to Dr. Jeff George, a hand specialist in Metairie, Louisiana.[2] After performing additional hand surgery, Dr. George conducted a functional capacity evaluation and concluded that McClanahan had limited wrist and finger motion, leaving him with a 19% impairment of the hand, a 21% impairment of the upper extremity, and a 13% impairment of the whole body. Dr. George further opined that, with a few exceptions, McClanahan was capable of performing the tasks associated with a senior motorman.

During this time, McClanahan continued his treatment with Dr. Brown and, on or around November 11, 2005, Dr. Brown concluded that McClanahan's left hand was 50.5% impaired; that his upper left extremity was 45.5% impaired; and that his whole body was 27.5% impaired. Dr. Brown also concluded that McClanahan was at Maximum Medical Improvement. However, still experiencing significant problems with his hand and arm, McClanahan sought independent medical treatment with Dr. Darrell L. Henderson of Plastic Surgery Associates in Lafayette, Louisiana. After treatment, Dr. Henderson opined that McClanahan had an 80% partial impairment of the left forearm, wrist, and hand due to his injury.

Due to the discrepancies between the impairment ratings of Dr. Brown and Dr. George, Transocean contacted McClanahan's counsel to request that McClanahan undergo an independent medical examination by Dr. Joe A. Morgan, a hand specialist, to which counsel refused to agree. Thereafter, Transocean filed this Motion to Compel arguing that Rule 35 of the Federal

---

[2]There are conflicting facts regarding the circumstances surrounding Dr. George's treatment of McClanahan. McClanahan contends that Dr. Brown recommended that he return to Dr. Campbell, the physician who first treated him at West Jefferson Medical Center, and that Dr. Campbell urged him to come in for follow up treatment. However, according to McClanahan, Transocean refused to allow this and insisted that he see Dr. George. Transocean claims that Dr. Brown did not refer McClanahan to Dr. Campbell for treatment, but rather for Dr. Campbell to ascertain McClanahan's level of permanent impairment. Transocean further claims that, in lieu of terminating his treatment, McClanahan agreed to see Dr. George in the hopes of realizing additional improvement.

Rules of Civil Procedure mandates that this Court order McClanahan to undergo an independent medical examination by Dr. Morgan at McClanahan's earliest possible convenience within the next thirty days.

## LAW AND ANALYSIS

Rule 35(a) of the Federal Rules of Civil Procedure states as follows:

> When the medical or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a). Accordingly, a court may order an independent medical examination when a party's medical condition is in controversy and good cause for the examination has been established. *Id.*; *See also Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047, *2 (W.D.La. August 31, 2006). "The decision as to whether or not to order an independent medical examination under F.R.C.P. 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890, *1 (E.D.La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie* at *2.

Both parties agree that McClanahan has put his physical condition in controversy by filing this suit seeking damages for his hand and arm injuries. However, McClanahan argues that Transocean has not shown good cause for an independent medical examination. In support of this argument, McClanahan asserts that Transocean can rely on the medical examinations already conducted by Dr. Brown and Dr. George, both of which Transocean selected for treatment of

McClanahan. McClanahan relies on *Furlong v. Circle Line Statue of Liberty Ferry*, 902 F.Supp. 65 (S.D.N.Y. 1995), and *Vopelak v. Williams*, 42 F.R.D 387 (N.D. Ohio 1967), for the proposition that a stronger showing of good cause is needed when a party has previously undergone an independent medical examination. However, in addition to the fact that these cases are not controlling in the Fifth Circuit, they are also unpersuasive given the current facts. As Transocean points out, no independent medical examination of McClanahan has been conducted as of yet. The only medical opinions that have been rendered regarding the impact of McClanahan's injury are those of Dr. Brown and Dr. George, both of whom are McClanahan's treating physicians and neither of whom were requested by Transocean to perform an IME, and Dr. Henderson, who was enlisted by McClanahan. All Jones Act employers have an obligation to pay for the injured seaman's cure, and McClanahan has provided no authority depriving such employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians. Therefore, the aforementioned cases yield no support for McClanahan's argument that Transocean has failed to show good cause for an independent medical examination.

Furthermore, in *Schlagenhauf v. Holder*, 379 U.S. 234, 119 (1964), the Supreme Court stated that "[a] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination of such asserted injury."[3] *See also*, *Grossi* at *2 (citing such language with

---

[3] McClanahan argues that the Court was merely ". . . providing an example rather than setting forth a broad rule based solely on the pleadings." However, even assuming that McClanahan's interpretation of the Court's language is correct, the fact that this is a negligence action in which McClanahan is asserting a physical injury puts it squarely in line with the Court's example and therefore provides the good cause necessary for an independent medical examination.

4

approval); *Landry v. Weber Marine, Inc.*, 1988 WL 47890, *2 (E.D.La. May 10, 1998) ("As held by the United States Supreme Court in *Schlagenhauf v. Holder*, good cause for an independent medical examination is provided by the fact that the plaintiff has placed his medical condition at issue."); Federal Civil Rules Handbook, Authors' Commentary on Rule 35 ("Examination will be ordered for good cause shown, which will generally exist in every case in which the plaintiff is claiming personal injuries.").

Therefore, Transocean is entitled to an independent medical examination of McClanahan in light of the conflicting impairment reports issued by Dr.'s Brown, George, and Henderson. Accordingly, Transocean's Motion to Compel is hereby **GRANTED** and Plaintiff, Charles McClanahan, is hereby ordered to submit to an independent medical examination to be conducted by Dr. Joe A. Morgan at McClanahan's earliest convenience within the next thirty days.

**THUS DONE AND SIGNED** this 19th Day of October, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE